UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

UNITED STATES OF AMERICA

       -v-

JACOB CARTER,

              Defendant.

------------------------------------------------------------------ :

                                 X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12/13/2021_

21-CR-681 (01) (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

On December 13, 2021, the Court held an in-person hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975), for Defendant Jacob Carter, who was present with CJA Attorney John S. Wallenstein. As explained below, the Court grants Defendant's request to waive his right to counsel and represent himself pro se and appoints his current counsel to serve as "standby" counsel.

The Sixth Amendment guarantees a criminal defendant the right to self-representation. *Id.* at 818–21. For a defendant to exercise his constitutional right to proceed pro se and waive counsel, the trial court must determine that the defendant is competent and that the waiver is made voluntarily, as well as "knowingly and intelligently." *Id.* at 835–36 (citation omitted); *see United States v. Culbertson*, 670 F.3d 183, 193 (2d Cir. 2012); *United States v. Fore*, 169 F.3d 104, 108 (2d Cir. 1999).

During the *Faretta* hearing, the Court observed the Defendant's behavior, demeanor, and history; verified that he is able to understand, speak, read, and write English, and he understands the charges against him; and explained to him and confirmed his understanding of his right to counsel and the ramifications of waiving that right to represent himself in this matter. When asked

about his educational background, Defendant represented to the Court that he attended college courses at the College of Southern Maryland and took courses towards a purported masters while serving in the United States Air Force.

The Court determines that the Defendant (1) understands the nature of the proceedings and has the ability to consult with counsel and assist counsel in preparing a defense and is therefore competent to stand trial, (2) understands that he has the right to an attorney throughout these proceedings, (3) has the mental capacity to conduct trial proceedings by himself, put on his own defense at trial, and is therefore competent to waive his right to counsel, and (4) clearly and unequivocally waives his right to counsel knowingly, intelligently, voluntarily, and unequivocally.

Accordingly, the Court grants Defendant's request to proceed pro se, that is, to represent himself in this criminal case from this day on, and appoints John S. Wallenstein, Esq. as CJA "standby" counsel.  The Court reiterates to Mr. Carter that as he represents himself, he is required to comport with courtroom protocols and procedure, including the Federal Rules of Criminal Procedure and the Federal Rules of Evidence. Standby counsel is directed to mail a copy of this order to pro se Defendant and to file proof of service on the docket.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 40.

Dated:    December 13, 2021                                    SO ORDERED:
                White Plains, New York

                                                          _____
                                                                NELSON S. ROMÁN
                                                            United States District Judge