UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: |
| DATE FILED: 1/4/2022 |

United States of America

v.

Jacob Carter,
Quadri Salahuddin,
Anwar Salahuddin, and
Christal Ransom

Defendants.

**Protective Order**

**21 Cr. 681 (NSR)**

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy, confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that includes sensitive

personal information of individuals and/or information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, could be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Disclosure material shall not be disclosed by the defendant or defense counsel, including any standby defense counsel, (together, "the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

2. Disclosure material that is not sensitive disclosure material may be disclosed by the defense to:

(a) Personnel for whose conduct defense counsel, including standby defense counsel, is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action.

3. Sensitive disclosure material will be labeled "SENSITIVE" and may be disclosed by defense counsel, including standby defense counsel, only to personnel employed by or retained by counsel, and the defendant, subject to the following limitations:

(a)  The defendant may review sensitive disclosure material only in the presence of defense counsel or standby defense counsel, or any other person authorized to receive sensitive disclosure material;

(b) The defendant may not copy or otherwise record sensitive disclosure material; and

(c) The defendant may not keep sensitive disclosure material or a copy of such material outside the presence of defense counsel or standby defense counsel.

4. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

5. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

6. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

3

7. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

8. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

## Retention of Jurisdiction

9. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _Courtney Heavey_                     Date: 12/17/21
    Courtney Heavey
    Jeffrey Coffman
    Assistant United States Attorneys


_____     Date: _____
Jacob Carter


_____     Date: _____
John Wallenstein, Esq.
Counsel for Jacob Carter


_____     Date: _____
Michael Burke, Esq.
Counsel for Anwar Salahuddin

_Richard Willstatter_                     Date: December 17, 2021
Richard Willstatter, Esq.
Counsel for Quadri Salahuddin

5

## Retention of Jurisdiction

9. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____          Date: _____
      Courtney Heavey
      Jeffrey Coffman
      Assistant United States Attorneys


_____                Date: _____
Jacob Carter


_____                Date: _____
John Wallenstein, Esq.
Counsel for Jacob Carter

_Michael K Burke_                        Date: _12/30/21_
Michael Burke, Esq.
Counsel for Anwar Salahuddin


_____                Date: _____
Richard Willstatter, Esq.
Counsel for Quadri Salahuddin

5

/s/ Elon Berk
_____
Elon Berk, Esq.
Counsel for Christal Ransom

Date:  12/17/2021
_____

SO ORDERED:

Dated:  White Plains, New York
        ~~December ___, 2021~~
        January 4, 2022

_____
THE HONORABLE NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

6