UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
UNITED STATES OF AMERICA                                       :
:
                      -v-                                                      :               21-CR-681 (01) (NSR)
:
JACOB CARTER,                                                         :                OPINION & ORDER
:
                                      Defendant.                    :
------------------------------------------------------------------- :
                                                                                X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1/13/2022____

NELSON S. ROMÁN, United States District Judge:

Defendant Jacob Carter ("Defendant" or "Carter") is charged by a three-count indictment

on November 9, 2021 with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, wire

fraud in violation of 18 U.S.C. §§ 1343 and 2, and aggravated identity theft in violation of 18

U.S.C. § 1028A(a)(1), (2(a).  (ECF No. 20.)  Before the Court are *pro se* Defendant's December

14, 2021 submissions which appear to be a motion to dismiss the indictment.  (ECF Nos. 43–48.)

For the following reasons, Defendant's motion is denied as frivolous and meritless.

## BACKGROUND

Defendant Carter was indicted by grand jury along with three co-defendants on November

9, 2021.  (ECF No. 20.)  On November 16, 2021, Defendant, represented by CJA counsel John S.

Wallenstein, was arraigned before Magistrate Judge Paul E. Davison and a plea of not guilty was

entered.  As a result of Defendant's evasive and obstructive responses before Judge Davison, the

Government requested this Court to re-arraign Defendant at his Initial Appearance.  (*See* ECF No.

32.)  On December 1, 2021, an Initial Appearance of all co-defendants and the Re-Arraignment of

Defendant Carter was held by teleconference before this Court.  During the proceeding, Defendant

Carter repeatedly objected to representation by counsel and made various other statements on the

record.   The Court then ordered Defendant Carter to appear in-person before the Court.   On December 6, 2021, an in-person Initial Appearance was held before this Court, during which the Court directed defense counsel to provide a copy of the Indictment to Defendant and to read and explain the Indictment to Defendant.   Defendant Carter entered a plea of not guilty to the three-count Indictment and again objected to representation of counsel.   On December 13, 2021, the Court held an in-person hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975) and thereafter granted Defendant's request to waive his right to counsel and to represent himself *pro se*.  (EF No. 42.)  The Court also appointed his prior CJA counsel John S. Wallenstein as "standby" counsel.  (*Id.*)

On December 14, 2021, Defendant submitted several documents to the Court, which include: an "Answer by Affidavit to Prosecution Proposed Faretta Inquiry" (ECF No. 43); a "Demand to Dismiss Indictment for Prosecutorial Misconduct" (ECF No. 44); a "Mandatory Judicial Notice" (ECF No. 45), a "Notice of Special Appearance" (ECF No. 46); and two exhibits to the "Demand to Dismiss the Indictment" (ECF Nos. 47–48).   On January 12, 2022, the Government responded to Defendant's submissions.  (ECF No. 58.)

## DISCUSSION

Having reviewed both parties' submission, the Court hereby denies Defendant's application to dismiss the Indictment as frivolous and meritless.  Defendant seeks to dismiss the Indictment on the basis of prosecutorial misconduct and on a lack of subject matter and personal jurisdiction. (*See* Nos. 44–48.)  First, the Court finds there was no demonstration of prosecutorial misconduct.  Defendant's allegation that the indictment was never presented before a grand jury (ECF No. 44 ¶ 1) is without merit.  Indeed, a grand jury indictment was returned on November 9, 2021, within 30 days of Defendant's arrest.  And, as the Government represents, a true bill was

presented to the Magistrate Judge prior to docketing the indictment.  (ECF No. 58 at 6.)  Second,

Defendant alleges this Court has a conflict of interest because it "represents the plaintiff and the

prosecution."  (ECF No. 44 ¶¶ 4–5.)  This is an entirely baseless claim.  Third, Defendant's

challenges to the Court's subject matter and personal jurisdiction are similarly meritless.  Federal

district courts have original jurisdictions of all offenses against the laws of the United States, *see*

18 U.S.C. § 3231, and personal jurisdiction exists whenever an individual charged with a crime

over which the federal court has subject matter jurisdiction is brought before the court, *see United*

*Sates v. McLaughlin*, 949 F.3d 780 (2d Cir. 2019).  Fourth, the Defendant claims the Government

has "no proof of claim nor evidence supporting the allegation that the code(s) allegedly violated

are applicable to Jacob Carter."  (ECF No. 44 ¶ 11.)  But, "the sufficiency of the evidence is not

appropriately addressed on a pretrial motion to dismiss an indictment."  *United States v. Alfonso*,

13, F.3d 772, 777 (2d Cir. 1998).

Furthermore, Defendant advances a number of arguments which the Government observes

as commonly associated with a "sovereign citizen"[1] ideology.  (*See* ECF No. 58 at 5.)  In sum,

Defendant claims that he is not a United States citizen and not a statutory person, that the United

States is fictitious, and that the United States is a debtor located in Washington, D.C. without any

currency of its own.  (ECF No. 44 ¶¶ 6–8, 11.)  Indeed, courts have repeatedly rejected these

theories.  *See, e.g.*, *McLaughlin*, 949 F.3d 780 at 781–82; *Santana v. United States*, No. 13-CR-

536 (PKC), 2017 WL 2470834, at *2 (S.D.N.Y. June 6, 2017) (collecting cases).  Accordingly,

Defendant's application to dismiss the three-count Indictment is denied.

The Court finds the rest of Defendant's submissions to be moot or otherwise without effect.

---

[1] The Second Circuit has described "sovereign citizens" as "a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *United States v. Ulloa*, 511 Fed. App'x 105, 107 n.1 (2d Cir. 2013) (summary order).

Defendant's submission of an answer[2] to the Government's proposed *Faretta* inquiry (ECF No. 43) as moot given that Defendant has already appeared before the Court for an in-person *Faretta* hearing and was granted the application to proceed *pro se*.  Defendant also submitted a "Mandatory Judicial Notice" which attempts to declare this Court to be without subject matter or personal jurisdiction.  (ECF No. 45.)  This document is without legal effect as only a court may determine whether to take judicial notice.  Moreover, as explained above, this Court has both subject matter and personal jurisdiction in this action.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the indictment is DENIED. Standby counsel is directed to mail a copy of this order to *pro se* Defendant and to file proof of service on the docket.

Dated:    January 13, 2022                                        SO ORDERED:
          White Plains, New York

                                                          _____
                                                              NELSON S. ROMÁN
                                                          United States District Judge

---

[2] Defendant's "answer" has conflicting dates.  Defendant appeared to have signed the "verification" on December 13, 2021 while the notary certified the signature on December 12, 2021.  *(Compare* ECF No. 43 at 4 with *id.* at 5.)