```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
UNITED STATES OF AMERICA                                         :
                                                                 :
            -v-                                                  :     21-CR-681 (01) (NSR)
                                                                 :
JACOB CARTER,                                                    :     OPINION & ORDER
                                                                 :
                        Defendant.                               :
-----------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/11/2022
```

NELSON S. ROMÁN, United States District Judge:

Defendant Jacob Carter ("Defendant" or "Carter"), proceeding *pro se*, is charged by a three-count Indictment on November 9, 2021 with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, wire fraud in violation of 18 U.S.C. §§ 1343 and 2, and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1), (2)(a). (ECF No. 20.) Before the Court is Defendant's "motion to sever defendants." (ECF No. 82.)

For the following reasons, Defendant's motion for severance is denied as premature.

## BACKGROUND

Defendant Carter was indicted by grand jury along with three co-defendants—Quadri Salahuddin, Anwar Salahuddin, and Christal Ransom—on November 9, 2021. (ECF No. 20.) The Indictment charges the four defendants with three counts: (1) Conspiracy to Commit Wire Fraud, (2) Wire Fraud, and (3) Aggravated Identity Theft. (ECF No. 20.) On March 23, 2022, Defendant filed a motion to sever the defendants and to separate trials on each count charged in the Indictment. ("Def. Mot.," ECF No. 82.) On April 4, 2022, the Government filed a memorandum in opposition. ("Gov. Opp.," ECF No. 86.)

## DISCUSSION

Defendant makes several arguments for severance of his trial from that of his co-

defendants.  First, Defendant claims "the complaint before this Court . . . does not specify or identify beyond a reasonable doubt nor in a manner that exclusion exists from all others in society, of exactly who the defendants are or any biological identifying aspects of the defendants." (Def. Mot. at 1.)  Second, Defendant believes "the prosecution will coerce the [co-]defendants into giving material misrepresentation to be used as evidence" against him, such as providing "biological identifying factors" or "a false confession." (*Id.* at 2.)

As the Supreme Court has explained, the "preference in the federal system [is] for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Joint trials seek to promote "economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." *Bruton v. United States*, 391 U.S. 123, 121 n.6 (1968) (internal quotations omitted). "This preference is particularly strong where . . . the defendants are alleged to have participated in a common plan or scheme." *United States v. Salameh*, 152 F.3d at 115; *see United States v. Pirro*, 76 F. Supp.2d 478, 483 (S.D.N.Y. 1999) ("[T]he cases are legion that there is a strong public interest in joint trials where . . . the defendants are . . . charged in the same conspiracy").

Under Federal Rule of Criminal Procedure 14(a), courts may "order separate trials of counts, sever the defendants' trials or provide any other relief that justice requires" in cases where "the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government."  To demonstrate that severance is proper, a defendant must establish substantial prejudice.  *See United States v. Cardascia*, 951 F.2d 474, 482 (2d Cir. 1991) ("The defendant prejudice so great as to deny [him or her] a fair trial.").  "Substantial prejudice does not simply mean a better chance of acquittal." *United States v. Potamitis*, 739 F.2d 784, 790 (2d Cir. 1984), *cert. denied*, 469 U.S. 934 (1984).  Rather, the prejudice of a joint trial must constitute a

"miscarriage of justice." *United States v. Miller*, 116 F.3d 641, 679 (2d Cir. 1997) (quoting *United States v. Rosa*, 11 F.3d 315, 341 (2d Cir. 1993)).  And even when the risk of prejudice is great, limiting instructions will often "suffice as an alternative to granting a Rule 14 severance motion." *United States v. Feyrer*, 33 F.3d 110, 114 (2d Cir. 2003).  Thus, severance is generally warranted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 509 U.S. at 539.

The Court finds Defendant's request for severance to be improper at this time.  As an initial matter, Defendant's repeated claim that there is insufficient information in the Indictment has already been rejected by the Court.  *See* January 13, 2022 Opinion & Order, ECF No. 59 (denying Defendant Carter's motion to dismiss the indictment).  Furthermore, Defendant's argument of prejudice as a result of evidence or testimony from his co-defendants is premature.  The Court agrees with the Government that the potential of his co-defendants' post-arrest statements be introduced at trial and implicating Confrontation Clause concerns discussed in *Bruton* is dependent upon multiple contingencies.  (*See* Gov.'s Opp. at 5.)  Indeed, the Government is still in the process of turning over materials to the defendants, no trial date has been set, and it is not yet apparent whether all four defendants charged in the Indictment will proceed to trial and whether any defendants who do not proceed to trial will testify as witnesses for the government.  *See United States v. Acosta*, No. 87 CR. 747 (ELP), 1987 WL 19960, at *1 (S.D.N.Y. Nov. 10, 1987).  The Court finds that Defendant's concerns are too hypothetical and premature to rise to the level of prejudice so as to sever his trial from those of his co-defendants.

Defendant also moves for the Court to "order separate trials for count[s] I, II, and III." (Def. Mot. at 2.)  The Court declines to do so because the three counts charged in the Indictment

involve the same alleged fraudulent scheme. Defendant has not offered any reasons as to why a severance of counts is necessary and outweighs the judicial economy in conducting a single trial over the counts. *See United States v. Eldridge*, No. 09-CR-329, 2014 WL 7365929, at *7 (W.D.N.Y. Dec. 24, 2014) (declining to conduct a separate trial for properly joined counts involving the same alleged scheme).

## CONCLUSION

For the foregoing reasons, Defendant's motion for severance is DENIED as premature without prejudice to renew. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 82. Standby counsel is directed to mail a copy of this order to *pro se* Defendant and to file proof of service on the docket.

Dated:   April 11, 2022              SO ORDERED:
         White Plains, New York

                                     _____
                                     NELSON S. ROMÁN
                                     United States District Judge