UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA

    -v-

JACOB CARTER,

               Defendant.

------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/11/2022__
```

21-CR-681 (01) (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

    Defendant Jacob Carter ("Defendant" or "Carter"), proceeding *pro se*, is charged by a three-count Indictment on November 9, 2021 of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, wire fraud in violation of 18 U.S.C. §§ 1343 and 2, and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1), (2)(a).  (ECF No. 20.)  Before the Court is Defendant's March 23, 2022 submission titled "Demand to be Informed," (ECF No. 83), which the Court deems as a request for a bill of particulars.

    For the following reasons, Defendant's request is denied.

## BACKGROUND

    Defendant Carter was indicted by a grand jury along with three co-defendants on November 9, 2021.  (ECF No. 20.)  On November 16, 2021, Defendant, represented by CJA counsel John S. Wallenstein, was arraigned on the Indictment before Magistrate Judge Paul E. Davison and a plea of not guilty was entered.  As a result of Defendant's evasive and obstructive responses before Judge Davison, the Government requested this Court to re-arraign Defendant at his Initial Appearance.  (*See* ECF No. 32.)  On December 6, 2021, an in-person Initial Appearance and Re-Arraignment was held for Defendant Carter before this Court, during which the Court directed CJA counsel to provide a copy of and to read and explain the Indictment to Defendant.

Defendant Carter was arraigned on the Indictment and entered a plea of not guilty.  On December 13, 2021, the Court granted Defendant's request to waive his right to counsel and to represent himself *pro se.*  (EF No. 42.)  The Court also appointed his prior CJA counsel John S. Wallenstein as "standby" counsel.  (*Id.*)

On December 14, 2021, Defendant submitted several documents to the Court, which include a "Demand to Dismiss Indictment for Prosecutorial Misconduct" (ECF No. 44).  On January 13, 2022, this Court denied Defendant's motion to dismiss the Indictment.  (ECF No. 59.)  Specifically, the Court rejected Defendant's argument that the Indictment was improper as to form and his claim that the Court lacked subject matter and personal jurisdiction over him.  (*Id.*).  On January 18, 2022, Defendant filed a request for reconsideration of the Court's denial of his motion to dismiss the Indictment (ECF No. 62).  On February 18, 2022, this Court denied Defendant's request for reconsideration on the basis, among others, that Defendant merely repeated the rejected arguments that there lacked a valid true bill returned by the grand jury and that there lacked jurisdiction.  (ECF No. 71.)

On March 23, 2022, Defendant filed a "Demand to be Informed" in which he seeks to "be informed of the true nature and cause of the accusations before this Court and to be informed of the jurisdiction under which the action before the Court is Proceeding [sic]."  (ECF No. 83.)  On March 30, 2022, the Government filed a letter in opposition to Defendant's "Demand to be Informed," (ECF No. 84).  On March 31, 2022, Defendant filed an affidavit of denial and objection to the Government's opposition letter (ECF No. 85).

## DISCUSSION

The Court construes Defendant's "Demand to be Informed" as a request for a bill of particulars.  Defendant specifically "demand[s] to be informed" of the "true nature and cause of

accusations," on the basis that it is unclear whether Title 18 of the United States Code applies to Defendant, that the complaint "does not specify the identity of the true defendant," and that Defendant has been unlawfully detained because the "Federal Bureau of Investigations was never established by law."  (ECF No. 83 at 1–3.)  Furthermore, Defendant repeats his claims that the Court has no jurisdiction over him and demands to be informed of the Court's jurisdiction.  (*Id.* at 4.)

Federal Rule of Criminal Procedure 7(f) allows a defendant to request a bill of particulars to obtain information relevant to "the nature of the charge against him [or her]," to enable him or her "to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he [or she] be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (citing *Wong Tai v. United States*, 273 U.S. 77, 82 (1927)).  The decision to grant a bill of particulars is within the sole province of the district court.  *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988).  A bill of particulars is only necessary "where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Torres*, 901 F.2d 205, 233 (2d Cir. 1990), *abrogated on other grounds*, *United States v. Marcus*, 628 F.3d 36 (2d Cir. 2010).  The central question is whether the "information sought is necessary, not whether it is helpful." *United States v. Facciolo*, 753 F. Supp. 449, 451 (S.D.N.Y. 1990).  Typically, where the information sought is "provided in the indictment or in some acceptable alternate form," such as discovery, "no bill of particular is required." *Bortnovsky*, 820 F.2d at 574.

The Court has considered both parties' filings and DENIES Defendant's request for a bill of particular to obtain information on the "true nature and cause of accusations" because the Indictment already provides sufficient information.   The Court finds that the accusatory

instruments in this action are sufficient to provide adequate notice of the crimes charged against Defendant.  Indeed, the Court has already ruled on Defendant's prior motion to dismiss the Indictment and motion for reconsideration on the motion to dismiss.  (*See* ECF Nos. 59 & 71.) The Indictment adequately provides the counts with which Defendant is charged, the time period of the alleged conduct, and the nature of the alleged scheme.  (*See* Indictment, ECF No. 20.) Defendant received a copy of the Indictment and was arraigned on the Indictment.  Accordingly, the Court finds that a bill of particulars in not necessary because the Indictment already sufficiently advises Defendant of the specific acts alleged.

The Court also DENIES Defendant's request for a bill of particulars as to the Court's jurisdiction.  Defendant only repeats the same challenges raised regarding the Court's jurisdiction, which the Court has already resolved.  (*See* ECF Nos. 59 & 71.)

Defendant also demands John Wallenstein to be withdrawn as standby counsel on the basis that "standby counsel will do nothing to prevent nor take recourse in action in favor of the defendant."  (ECF No. 83 at 4.)  The Court reminds Defendant that he has elected to proceed *pro se*, meaning to represent himself.  Mr. Wallenstein's limited role as standby counsel is not to advocate for Defendant since he does not represent Defendant.  Indeed, during the December 13, 2021 *Faretta* hearing, Defendant confirmed his understanding that standby counsel cannot advocate for him.  *See* ECF No. 88, Transcript at 22:13–16.  Accordingly, the Court DENIES Defendant's request to withdraw Mr. Wallenstein as standby counsel on the basis that he has not advocated for the Defendant.

4

**CONCLUSION**

For the foregoing reasons, Defendant's request for a bill of particulars is DENIED.

Standby counsel is directed to mail a copy of this order to *pro se* Defendant and to file proof of

service on the docket.

Dated:   April 11, 2022                                         SO ORDERED:
         White Plains, New York

_____
          NELSON S. ROMÁN
      United States District Judge