USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/24/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

  -against-

JACOB CARTER,
QUADRI SALAHUDDIN, and
ANWAR SALAHUDDIN

                Defendants.

No. 21-CR-681-01-02-03 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Defendants Jacob Carter, Quadri Salahuddin, and Anwar Salahuddin are charged by indictment on November 9, 2021 alleging each committed (1) conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (Count One); (2) wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Count Two); and (3) aggravated identity theft, in violation of 18 U.S.C. §§ 1028(a)(1) and 2(a) (Count Three). (Indictment, ECF No. 20). Trial is scheduled to begin January 29, 2024. (Minute Entry for Proceedings held before Judge Nelson Stephen Román, September May 24, 2023). Presently before the Court is Defendant Jacob Carter's Motion to Obtain, Disclose, and Produce *Brady* Information (the "Mot.", ECF No. 126).

## BACKGROUND

The Court assumes the parties' familiarity with the relevant factual background. (*See* Opinion & Order dated January 17, 2024, p.2, ECF No. 139).

Defendant Carter (hereinafter, "Defendant") filed his Motion to Obtain, Disclose, and Produce *Brady* Information on January 8, 2024. (ECF No. 136). On January 9, 2024, the Court

directed the Government to respond (ECF No. 137), which it did on January 16, 2024 (the "Response", ECF No. 135).

## DISCUSSION

Defendant moves for an order directing the Government to turn over certain material under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. In particular, Defendant seeks for an order compelling the United States Attorney's Office to "conduct all appropriate inquiries to ascertain the existence of any potential *Brady* material that may be known to all involved police, investigative agencies aligned with the police or prosecution, medical and lay personnel associated with the [] prosecution . . ." and to perform a search of any and all relevant records, reports, evidence, and the like for such information. (Mot. p.1). Defendant initially couches this request as relating to a recent plea deal taken by a co-defendant, Christal Ransom. (*Id.*) However, Defendant goes on to make more specific requests including; two-way dispatch messaging; audio and/or videotapes; electronic devices including laptops, iPads, and cell phones; social media accounts; handwritten notes from Federal Bureau of Investigation ("FBI") agents, prosecutors, and witnesses; "[t]he serial number of at-least 1 of the federal reserve notes claimed illegally obtained by the [FBI] and or received from the United States by JACOB CARTER and or was in the possession of JACOB CARTER or was connected to the indictment . . ."; and an "immutable, authenticated record of accounting showing intrinsic value being transferred by JACOB CARTER via wire." (Mot. pp.1-3).

The Government responds that it understands its obligations under *Brady* and pursuant to the Court's Federal Rule of Criminal Procedure 5(f) order (*see* ECF No. 26), among others. (Response p.1). The Government also indicates its intent to continue assessing the evidence in its possession for possible disclosure under *Brady*. (*Id.*).

The Government also indicated its intent to produce discoverable material to all of the defendants on January 19, 2024, in accordance with the Court's May 24, 2023 oral order. (*Id.*, pp.2-3; *see* Minute Entry for proceedings held before Judge Nelson Stephen Román, May 24, 2023). The Court has received no indication that the Government has not complied with that obligation. Moreover, the Government stated that it has complied with its disclosure obligations. (Response p.2). The Government has already produced certain of the information Defendant requests and, in other instances, does not have the information Defendant requests. (*Id.*). With respect to the co-defendant Ransom's plea, the Government states it understands, and will abide by, its obligations under the Jencks Act and *Giglio v. United States*, 405 U.S. 150 (1972). (*Id.*, p.3). Finally, the Government asserts that some of the information Defendant requests is "not facially exculpatory, or is otherwise not discoverable under governing law . . . ." (*Id.*).

The Government is correct that it is under "no duty to provide defense counsel with unlimited discovery of everything known by the prosecutor." *United States v. Agurs*, 427 U.S. 97, 106 (1976). Given the Government's repeated assertions that it has complied and will continue to comply with its disclosure obligations, and without any indication that it has not complied with those obligations, the Defendant's motion is denied in its entirety.

3

## CONCLUSION

For the foregoing reasons, the Defendant's motions is DENIED.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 126. Each standby counsel is directed to provide a copy of this Opinion & Order to their respective *pro se* Defendant and file proof of service on the docket.

Dated:   January 24, 2024                           SO ORDERED:
           White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge