```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/24/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   -against-

JACOB CARTER,
QUADRI SALAHUDDIN, and
ANWAR SALAHUDDIN

                  Defendants.

No. 21-CR-681-01-02-03 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

    Defendants Jacob Carter, Quadri Salahuddin, and Anwar Salahuddin are charged by indictment on November 9, 2021 alleging each committed (1) conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (Count One); (2) wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Count Two); and (3) aggravated identity theft, in violation of 18 U.S.C. §§ 1028(a)(1) and 2(a) (Count Three). (Indictment, ECF No. 20). Trial is scheduled to begin January 29, 2024.  (Minute Entry for Proceedings held before Judge Nelson Stephen Román, September May 24, 2023). Presently before the Court are two supplemental motions *in limine* filed by the Government (the "First. Mot.", ECF No. 137, and the "Second Mot.", ECF No. 146). The Government also filed a revised affidavit in support of its first supplemental motion *in limine*. (the "Revised Affidavit", ECF No. 145).

    The Government has moved *in limine* seeking to permit authentication by affidavit of the decrypted returns from certain iCloud accounts pursuant to Federal Rules of Evidence (the "Rules") 902(13) and (14) (First Mot. p.1) and admission of certain business records as self-authenticating pursuant to Rules 902(11) and 803(6). (Second Mot. p.1).

1

**BACKGROUND**

The Court assumes the parties' familiarity with the relevant factual background. (*See* Opinion & Order dated January 17, 2024, p.2, ECF No. 139).

On May 24, 2023, the Court set the motions *in limine* briefing schedule, with moving papers to be filed on October 6, 2023. (Minute Entry for Proceedings held before Judge Nelson Stephen Román, September May 24, 2023). The Government filed its initial motion *in limine* on October 6, 2023. (ECF No. 120). The Court issued an Opinion & Order with respect to that motion on January 17, 2024. (ECF No. 139). The Government filed its first supplemental motion *in limine* on January 16, 2023 and its second on January 18, 2024. (ECF Nos. 137, 149). Defendant Carter filed an "objection" to the Government's second supplemental motion *in limine* on January 22, 2024 ("Opp.", ECF No. 148). Defendants Quadri or Anwar Salahuddin appear to have filed oppositions in the form of "Affidavit[s] of Charge for Extortion".[1] (*See* ECF Nos. 149 & 150). Further, none of the Defendants filed any motions *in limine* of their own.

**LEGAL STANDARDS**

"A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp.2d 173, 176–77 (S.D.N.Y. 2008) (citing *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984)). An *in limine* motion is intended "to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal citation omitted). "Because a ruling on a motion *in limine* is 'subject to change as the case unfolds,' this ruling constitutes a preliminary determination in preparation for trial."

---

[1] These affidavits do not substantively engage with the Government's motions *in limine*. Instead, they appear to question the Court's jurisdiction over this matter.

*United States v. Perez*, No. 09 CR 1153 MEA, 2011 WL 1431985, at *1 (S.D.N.Y. Apr. 12, 2011) (quoting *Palmieri*, 88 F.3d at 139).

With certain exceptions, all relevant evidence is admissible, and evidence which is not relevant is not admissible. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may still be excluded by the Court "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Though the "standard of relevance established by the Federal Rules of Evidence is not high," *United States v. Southland Corp.*, 760 F.2d 1366, 1375 (2d Cir. 1985), the Court has "broad discretion to balance probative value against possible prejudice" under Rule 403, *United States v. Bermudez*, 529 F.3d 158, 161 (2d Cir. 2008).

## DISCUSSION

### I. Authentication by Affidavit of the Decrypted Returns from the iCloud Accounts

The Government requests the Court rule that decrypted data obtained from certain Apple, Inc. iCloud accounts be deemed self-authenticating via the Revised Affidavit. In particular, the Government obtained a search warrant for, and gathered data from, three iCloud accounts. (First Mot. p.2). The Government's request is premised upon avoiding the need for Agent Byram or another Federal Bureau of Investigation witness from testifying regarding the decryption process of the data. (*Id.*, p.3).

#### A. Applicable Law

Rule 901(a) provides that "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must first produce sufficient evidence to support a finding that the

3

item is what the proponent claims it is." Fed. R. Evid. 901(a). "[T]he bar for authentication is not particularly high [and] is satisfied if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification." *United States v. Al-Moayad*, 545 F.3d 139, 172-73 (2d Cir. 2008) (quoting *United States v. Gagliardi*, 506 F.3d 140, 151 (2d Cir. 2007) & *SCS Commc'ns, Inc. v. Herrick Co.,* 360 F.3d 329, 344 (2d Cir. 2004)) (cleaned up).

Rule 902 also contemplates that certain types of evidence are self-authenticating. *See* Fed. R. Evid. 902. Pertinent here are Rules 902(13) and (14). Rules 902(13) and 902(14) provide that "[a] record generated by a process or system that produces an accurate result . . ." and "[d]ata copied from an electronic device, storage medium, or file . . .", respectively, that are "shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) or (12) . . ." are self-authenticating. Fed. Rs. Evid. 902(13) & (14). Both subsections of Rule 902 also require the "proponent . . . meet the notice requirements of Rule 902(11)". *Id*. Those notice requirements mandate the "adverse party [be given] reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them." Fed. R. Evid. 902(11). Each of Rules 902(13) and (14)'s reference the "certification requirements of Rule 902(11) or (12)[,]" which, in turn, reference Rule 803(6). Fed. R. Evid. 902(13) & (14) The reference to Rule 803(6), however, only applies to the procedural requirements contained in that rule. *See* Fed. R. Evid. 902(13) & (14) Advisory Committee's Note to 2017 Amendment. That is, "there is no intent to require . . . a certification under [Rules 902(13) or (14)] to prove the requirements of Rule 803(6)." *Id*. Therefore, the certification must be made by a "custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court [. . .]" or "be signed

in a manner that, if falsely made, would subject the maker to a criminal penalty in the country where the certification is signed." Fed. Rs. Evid. 902(11) & (12).

### B. Discussion

The Revised Affidavit details the layers of encryption present on the relevant data and the process for decryption. To wit, there were two layers of encryption, one from an open-source program called GNU Privacy Guard and the other a proprietary program developed by Apple. (Revised Affidavit, ¶ 5). Apple provided the investigating agents with the ability to decrypt the iCloud accounts. (*Id.*, ¶ 6).

Once decrypted, the Affidavit avers that the decryption process used "was designed to produce a true and accurate . . . version of the [data received]." (*Id.*, ¶ 7). In other words, the decryption essentially ended with a copy of the data stored on the iCloud account, bringing it within the ambit of Rule 902(14). The Affidavit also avers that the affiant is a "qualified person" and is made in accordance with 28 U.S.C. § 1746 and under penalty of perjury, thus conforming to the certification requirements in Rule 902(11). (*See* Revised Affidavit, ¶ 2, p.3). Finally, the notice requirements of Rule 902(11) are similarly met by the Government's filing its first supplementary motion *in limine*.

Moreover, the Revised Affidavit does not raise any concerns with respect to the Confrontation Clause. The Supreme Court has expressly stated that "[a] clerk could by affidavit *authenticate* or provide a copy of an otherwise admissible record . . ." without implicating the Confrontation Clause. *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 322-23 (2009) (emphasis in original).

Accordingly, the Court GRANTS the Government's application and deems the decrypted returns obtained from the iCloud accounts authenticated.

### II.    Self-Authentication of Business Records

The Government also seeks to admit twenty-seven business records as self-authenticating pursuant to Rules 902(11) and 803(6). (*See* Second Mot.).

### A.  Applicable Law

Self-authentication of business records is also governed by Rule 902; in particular, Rule 902(11). Rule 902(11) provides that such records will self-authenticate if it "meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court." Fed. R. Evid. 902(11). Further, the proponent is required to give the adverse party "reasonable written notice of the intent to offer the record [and] make the record available for inspection [] so that the party has a fair opportunity to challenge them." *Id*.

Rule 803(6) excepts certain records from the bar against hearsay when a record of an act is: "(A) . . . made at or near the time by—or from information transmitted by—someone with knowledge; (B) [] kept in the court of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity . . . ." Fed. R. Evid. 803(6).  The foregoing conditions must also be shown by a certification that complies with Rule 902(11). *Id*.

### B.  Discussion

The certifications submitted by the Government comply with Rules 803(6) and 902(11), and thus, with one exception, the corresponding business records are self-authenticating. To wit, the certifications relate to five general classes of business records: (1) financial institutions; (2) cell-service providers; (3) Apple, Inc.'s iCloud and subscriber records; (4) communications, posts,

and subscriber information from Meta's Facebook platform; and (5) IP addresses from Charter Communications. (Second Mot. pp.2-4). To be precise, the records in question are Government exhibits 200, 201, 202, 203 (including related exhibits), 204 (including related exhibits), 206, 207, 208 (including related exhibits), 209 (including related exhibits), 210, 289A-C, 290, 301 (including related exhibits), 302 (including related exhibits), 305, 402 (including its related exhibit), 400 (including related exhibits), 401 (including related exhibits), 403, 404, 405, 406 (including related exhibits), 407 (including related exhibits), 408 (including related exhibits), 409 (including related exhibits), 410 (including related exhibits), 411 (including related exhibits), 412 (including related exhibits), 413 (including related exhibits), 701, 702, 703, 704, and 705. (*Id*.).

Each certification avers that the applicable record or records were made at or near the time of occurrence of the matters set forth therein, by a person with knowledge of those matters, and that it is a regular practice of relevant institution to make such records (*see Id*., Ex. A). Thus, the records comply with Rule 803(6). Moreover, the Government has provided sufficient written notice by the filing of its Second Supplemental Motion *in Limine* on January 18, 2024.[2] (*See* ECF No. 146). The business records relating to these certifications are therefore self-authenticating under Rule 902(11).

Defendant Carter's opposition appears to be premised on questioning whether the custodians who signed the certifications are actually aware of the veracity and accuracy of the

---

[2] The Court also notes its discussion with the Government at the final Pretrial Conference held on January 18, 2024. At that conference, the Government indicated it had made attempts to provide the Defendants with Jencks Act material but received no response. After the conclusion of that conference, the Government produced hard drives containing that information, prompting the Court to go back on the record. At that point, the Government was able to hand those drives over to Defendants Qaudri and Anwar Salahuddin. Defendant Carter had already left the courthouse, but the Court directed the Government to send a hard drive to Defendant Carter by certified mail. In any event, the Government's attempts to provide Jencks Act material prior to January 18, and Defendants' refusal, is sufficient to discharge the notice obligations under Rule 902(11).

records they are certifying. (Opp., pp.2-3).[3] For instance, Defendant Carter states that "Banks ordinary course of business pertaining to records of transactions can be and has a history of being and often times are altered . . ." and that the custodian who certified the record was only "asked to certify that the document exists, that person is not certifying nor attesting to the information contained within said document as being true and correct . . . ." (*Id*. p.3). Defendant Carter also states that, with respect to the records provided by Meta, "it is known by the majority of people that documents and records held by each and everyone of these companies can be altered and manipulated." (*Id*., p.5). By subjecting a self-authenticating record under Rule 902(11) to the standard set by Rule 803(6), however, obviates Defendant Carter's concerns—the close-in-time recording of the act, event, or condition goes to the accuracy of the record. *See* Fed. R. Evid. 803(6). Moreover, Defendant Carter does not make any specific allegations with respect to the certifications and records offered by the Government. Rather, Defendant Carter raises unfounded, generalized accusations of the pertinent organizations having a history of altering records or that the custodians certifying those records cannot certify or verify the accuracy of the records—which Rule 803(6) does not require. (Opp., pp.2-5); *see also*, Fed. R. Evid. 803(6). Defendant Carter's opposition is therefore without merit.

There is one certification provided by the Government, however, that is unexecuted. That certification was provided by Capital One, N.A. and is dated February 5, 2021. (Second Mot., Ex. A, p.8). With the exception of that certification and its attendant records, the Court GRANTS the Government's application and deems the business records relating to the certifications contained

---

[3] Defendant Carter also makes reference to Rule 602, which governs when witnesses may testify to a matter. *See* Fed. R. Evid. 602. That rule is inapplicable to the Government's application in its second supplemental motion *in limine*.

in Exhibit A of the Government's second supplemental motion *in limine* self-authenticating and admissible.

## CONCLUSION

For the foregoing reasons, the applications made in the Government's motions *in limine* are GRANTED. The decrypted data located at Government Exhibits 405 through 415, and their related exhibits, are deemed authenticated. Moreover, the exhibits that correspond to the certifications contained in Exhibit A of the Government's second supplemental motion *in limine* are deemed self-authenticated and admissible, with the exception of those exhibits relating to the Capital One, N.A. certification dated, but unexecuted, February 5, 2021. The Government is further GRANTED leave to renew its application with respect to that certification.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 137 and 146. Each standby counsel is directed to provide a copy of this Opinion & Order to their respective *pro se* Defendant and file proof of service on the docket.

Dated:   January 24, 2024                                       SO ORDERED:
         White Plains, New York

                                                                _____
                                                                NELSON S. ROMÁN
                                                                United States District Judge